**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LATOYA THOMAS**<br>**623 General Armstrong Rd**<br>**King of Prussia, PA 19406**<br>**Plaintiff** | :<br>:<br>:<br>: | <br><br>**Civil Action No.** |
| **v.** | :<br>: | |
| **AMERIGAS PROPANE, INC.**<br>**500 Gulph Road**<br>**King of Prissia, PA 19406**<br>**Defendant** | :<br>:<br>:<br>: | |

## COMPLAINT

Plaintiff LaToya Thomas ("Plaintiff"), by and through undersigned counsel, brings this civil action against AmeriGas Propane, Inc. ("Defendant" or "AmeriGas"), and alleges as follows:

## I. INTRODUCTION

This action arises under Title VII, the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff was a high-performing Technical Writer who consistently exceeded expectations, trained nearly every writer hired after her, and was entrusted with major responsibilities including international travel to launch a new business unit.

Despite her exceptional performance, AmeriGas repeatedly denied her advancement opportunities, ignored her internal applications, and subjected her to favoritism, policy violations, and escalating hostility. When Plaintiff requested a reasonable accommodation for her medically documented anxiety, depression, and hypertension, AmeriGas retaliated aggressively—issuing baseless discipline, imposing punitive rules, dramatically increasing her workload, and stripping her of her workspace.

Plaintiff seeks all remedies available under federal and state law.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims under Title VII and the ADA.

2. This Court has supplemental jurisdiction over Plaintiff's PHRA claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts business in this District and the events giving rise to this action occurred within the Eastern District of Pennsylvania.

4. Plaintiff timely exhausted all administrative remedies. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On May 27, 2026, the EEOC issued a Notice of Right to Sue. Plaintiff initiates this action within ninety (90) days of receipt of that Notice." See Exh. A and B.

## III. PARTIES

5. Plaintiff LaToya Thomas is an adult individual residing in Pennsylvania.

6. Defendant AmeriGas Propane, Inc. is a corporation headquartered in Pennsylvania and doing business throughout the United States.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Employment and Exceptional Performance

6. Plaintiff began working for AmeriGas on March 6, 2023, as a Technical Writer in a hybrid role.

7. Plaintiff created "AmeriGas 101" to fill gaps in training.

8. Plaintiff trained new Instructional Designers and Technical Writers.

9. Plaintiff developed the Technical Writing Style Guide.

10. Plaintiff was entrusted with major responsibilities, including leading onboarding and training during her manager's maternity leave.

11. In May 2024, Plaintiff was selected to travel to Africa for 24 days to launch the new CCI business unit because her manager stated: *"You are the only person on this team I trust to go in my place."*

12. Plaintiff consistently managed heavy workloads, including 17 assignments simultaneously.

**B. Denial of Advancement and Favoritism**

13. Plaintiff applied for seven internal positions between March 2025 and November 2025 and received no feedback from HR.

14. Plaintiff was interviewed for the Community Relations position but HR never followed up.

15. Plaintiff was interviewed for the Billing Manager position; HR stated she was "very impressed," but Plaintiff was abruptly shifted to the Billing Supervisor interview.

16. Plaintiff's manager admitted she spoke to hiring managers about Plaintiff's candidacy.

17. Plaintiff's manager hired her own mother, Carol Rapp, in violation of the conflict-of-interest policy.

18. Plaintiff's manager rehired Sheila Wickman, who never performed the duties she was hired for, and later promoted her over Plaintiff.

19. Plaintiff's coworkers expressed disappointment and concern about the unfair treatment.

**C. Escalating Hostility and Retaliatory Conduct**

20. Plaintiff's merit increase was reduced to 3.2% despite her performance "exceeding expectations."

21. Plaintiff was subjected to two days of interviews filled with "concerns" about her friendships and emotional responses.

22. Plaintiff's manager told her she had already informed another employee she planned to hire externally for the Learning & Development Manager role.

23. Plaintiff's manager told her she was the last candidate to be informed of the hiring decision.

24. Plaintiff's relationship with her manager deteriorated after she raised concerns about unfair treatment.

**D. Plaintiff's Disability and Request for Accommodation**

25. Workplace stress caused Plaintiff to experience severe anxiety, depression, and hypertension.

26. Plaintiff's doctor confirmed her conditions and recommended work-from-home.

27. On January 19, 2026, Plaintiff formally requested a reasonable accommodation to work from home and receive reasonable deadlines.

28. AmeriGas received her medical documentation on January 22, 2026.

29. The ADA coordinator questioned whether Plaintiff's concerns were "just the nature of the business."

30. The ADA coordinator pressured Plaintiff to accept fewer in-office days than her doctor recommended.

31. Plaintiff's manager improperly learned of her ADA request before the interactive process was completed.

32. AmeriGas ignored Plaintiff's follow-up messages.

33. On February 19, 2026, AmeriGas approved only a temporary 90-day accommodation. See Exh. C.

**E. Retaliation After ADA Request**

34. Immediately after Plaintiff requested accommodation, AmeriGas retaliated by:

a. Imposing a "respond within one hour" rule only on Plaintiff's team.

b. Increasing Plaintiff's workload from 25 assignments to 80.

c. Issuing a baseless "Note to File" threatening termination. See Exh. D.

d. Removing Plaintiff's desk and excluding her from seating assignments.

e. Ignoring her requests for clarification and extension.

f. Subjecting her to contradictory instructions and unreasonable deadlines.

35. Plaintiff's manager admitted the metrics used to justify discipline "did not exist"

36. Plaintiff was subjected to a hostile environment that worsened after her ADA request

## V. CLAIMS FOR RELIEF

**COUNT I – TITLE VII RETALIATION**

42 U.S.C. § 2000e-3(a)

(Exhibits A-D incorporated)

**COUNT II – ADA DISABILITY DISCRIMINATION**

42 U.S.C. § 12112(a)

(Exhibits A-D incorporated)

**COUNT III – ADA FAILURE TO ACCOMMODATE**

42 U.S.C. § 12112(b)(5)(A)

(Exhibits A-D incorporated)

**COUNT IV – ADA RETALIATION**

42 U.S.C. § 12203(a)

(Exhibits A-D incorporated)

**COUNT V – PHRA CLAIMS**

43 P.S. § 951 et seq.

(All exhibits incorporated by reference)

**VI. PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court award:

- Back pay and front pay
- Compensatory damages
- Punitive damages
- Attorneys' fees and costs
- Pre- and post-judgment interest
- Any other relief the Court deems just and proper

**VII. JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**DOVER AND ASSOCIATES**

Date: 8/25/26

ANDRE DOVER, ESQUIRE
Attorney for LaToya Thomas, Plaintiff

**VERIFICATION**

I, LaToya Thomas verify that the statements made in the foregoing Complaint are true and correct to the best of my information, belief, and knowledge. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification.

8/25/26
Dated

LaToya Thomas
Signature